Matter of Cheema (2020 NY Slip Op 08113)





Matter of Cheema


2020 NY Slip Op 08113


Decided on December 30, 2020


Appellate Division, Second Department


Per Curiam.



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on December 30, 2020
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

ALAN D. SCHEINKMAN, P.J.
WILLIAM F. MASTRO
REINALDO E. RIVERA
MARK C. DILLON
LINDA CHRISTOPHER, JJ.


2020-04643

[*1]In the Matter of Zahra Mushtaq Cheema, an attorney and counselor-at-law. Grievance Committee for the Tenth Judicial District, petitioner; Zahra Mushtaq Cheema, respondent. (Attorney Registration No. 5316609)



DISCIPLINARY PROCEEDING instituted by the Grievance Committee for the Tenth Judicial District. The respondent was admitted to the Bar at a term of the Appellate Division of the Supreme Court in the Second Judicial Department on February 4, 2015.



Catherine A. Sheridan, Hauppauge, NY (Michele Filosa of counsel), for petitioner.



PER CURIAM.


OPINION & ORDER
On June 16, 2020, the Grievance Committee for the Tenth Judicial District served the respondent with the notice of petition and the verified petition dated June 12, 2020, upon her consent, by email and by mail, and duly filed those papers with this Court with an affidavit of service.
The petition contains eight charges of professional misconduct alleging that the respondent: engaged in a pattern of neglecting clients' legal matters in violation of rule 1.3(b) of the Rules of Professional Conduct (22 NYCRR 1200.00) (charge one); engaged in a pattern of failing to keep her clients informed about the status of their matters in violation of rule 1.4(a)(3) of the Rules of Professional Conduct (22 NYCRR 1200.0) (charge two); engaged in a pattern of failing to comply with her clients' reasonable requests for information in violation of rule 1.4(a)(4) of the Rules of Professional Conduct (22 NYCRR 1200.0) (charge three); engaged in conduct that is prejudicial to the administration of justice by failing to cooperate in 10 attorney disciplinary investigations in violation of rule 8.4(d) of the Rules of Professional Conduct (22 NYCRR 1200.0) (charge four); engaged in conduct that adversely reflects on her fitness as a lawyer by exercising a lack of candor with the Grievance Committee in violation of rule 8.4(h) of the Rules of Professional Conduct (22 NYCRR 1200.0) (charge five); engaged in conduct that adversely reflects on her fitness as a lawyer by failing to remit funds due to clients or former clients in violation of rule 8.4(h) of the Rules of Professional Conduct (22 NYCRR 1200.0) (charge six); and engaged in conduct that adversely reflects on her fitness as a lawyer in violation of rule 8.4(h) of the Rules of Professional Conduct (22 NYCRR 1200.0) (charges seven and eight).
The notice of petition directed the respondent to serve and file her answer to the verified petition within 20 days after service upon her of the notice of petition and the verified petition. To date, the respondent has neither served nor filed an answer to the verified petition, as directed.
The Grievance Committee now moves to deem the charges against the respondent established based upon her default and to impose such discipline upon her as this Court deems [*2]appropriate. The motion papers were served on July 28, 2020, upon the respondent by email and by mail. To date, the respondent has neither opposed the instant motion nor interposed any response thereto.
Accordingly, the Grievance Committee's motion to deem the charges against the respondent established based upon her default is granted, the charges in the verified petition are deemed established, and, effective immediately, the respondent is disbarred and her name is stricken from the roll of attorneys and counselors-at-law.
SCHEINKMAN, P.J., MASTRO, RIVERA, DILLON, and CHRISTOPHER, JJ., concur.
ORDERED that the motion of the Grievance Committee for the Tenth Judicial District to deem the charges against the respondent, Zahra Mushtaq Cheema, established based upon her default is granted; and it is further,
ORDERED that pursuant to Judiciary Law § 90, effective immediately, the respondent, Zahra Mushtaq Cheema, is disbarred, and her name is stricken from the roll of attorneys and counselors-at-law; and it is further,
ORDERED that the respondent, Zahra Mushtaq Cheema, shall comply with the rules governing the conduct of disbarred or suspended attorneys (see 22 NYCRR 1240.15); and it is further,
ORDERED that pursuant to Judiciary Law § 90, the respondent, Zahra Mushtaq Cheema, is commanded to desist and refrain from (1) practicing law in any form, either as principal or as agent, clerk, or employee of another, (2) appearing as an attorney or counselor-at-law before any court, Judge, Justice, board, commission, or other public authority, (3) giving to another an opinion as to the law or its application or any advice in relation thereto, and (4) holding herself out in any way as an attorney and counselor-at-law; and it is further,
ORDERED that if the respondent, Zahra Mushtaq Cheema, has been issued a secure pass by the Office of Court Administration, it shall be returned forthwith to the issuing agency, and the respondent shall certify to the same in her affidavit of compliance pursuant to 22 NYCRR 1240.15(f).
ENTER:
Aprilanne Agostino
Clerk of the Court